# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-556V
**Filed: September 26, 2014**
**(Not to be published)**

```
* * * * * * * * * * * * * * * *
JOEL VESSEY,                    *
                               *        Ruling on Entitlement; Flu; SIRVA
            Petitioner,        *
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
            Respondent.        *
                               *
* * * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Tara J. Kilfoyle, United States Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On June 30, 2014, Joel Vessey ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). The petition alleges that as a result of receiving an influenza ("flu") vaccine on October 24, 2011, he suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 26, 2014, respondent filed her Rule 4(c) Report [Respondent's Report"], in which she concedes that petitioner is entitled to compensation in this case. Respondent's Report at 2. Specifically, respondent concluded that petitioner's alleged injury is consistent with SIRVA and that it was caused-in-fact by the flu vaccine that he received on October 24, 2011. Respondent's Report at 5. Respondent notes that she did not identify any other causes for petitioner's condition, and that based on her review of the medical records, petitioner met the statutory requirement that he suffered from the condition for more than six months. Id. Accordingly, "based on the record as it now stands, [respondent concedes that] petitioner has satisfied all legal prerequisites for compensation under the Act." Id.

**In light of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master
